IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Quincy James Gordon, § § § *Plaintiff,* § § v. § § Hyatt House Franchising, L.L.C., § Houston H Galleria Opco, LP, SRE § 4610 TX Opco GP Pledgor, LLC, IH § WL Acquisition Manager, LLC, § Noor Hasan and Wendy Liu, § § *Defendants.* § | Case No. 4:22-cv-00092 |

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND DISCOVERY ISSUES

On June 10, 2024, the Court held a hearing to address numerous procedural irregularities with the parties' summary judgment briefing and to resolve a discovery issue raised by Plaintiff Quincy James Gordon. The summary below details the Court's rulings on these issues—and a few additional ones evident from the record.

**I.    Rule violations and summary judgment motions**

***Failures to review and comply with procedures.*** Attorneys on both sides have disregarded numerous procedures specified in the Local Rules as well as Judge Bennett's rules. This includes, but is not limited to, requirements for filing materials under seal; strict page limits on briefing; and

certificates of conference for all motions requesting relief. It is therefore **ORDERED** that **all counsel must carefully review the Court's procedures and rules**. Non-compliant filings will be stricken. Do not count on having another chance to file a compliant document.

*Summary judgment briefing*. In the guise of a reply brief, Defendants requested a continuance of the Court's ruling on *their own motions* for summary judgment. Dkt. 147. That request is procedurally improper, as all such requests for relief should be filed as a motion and must include a certificate of conference. Regardless, a defendant has no good cause to request a continuance if it chose to file a motion for summary judgment prematurely.

Nevertheless, other legal and practical considerations warrant a fresh start on the summary judgment process. Significantly, Plaintiff's attorneys indicated that they wish to supplement the summary judgment record with new evidence obtained once additional document discovery and depositions have been completed. Fairness therefore dictates that Defendants should also be entitled to supplement their arguments with additional evidence.

On the other hand, the piecemeal summary judgment filings have created a convoluted record with identical exhibits, including video and audio evidence, scattered throughout myriad filings. Also, Defendants Hyatt House Franchising, LLC and Wendy Liu, despite sharing the same counsel, each filed

*two* motions for summary judgment, when they should only be filing *one*. *See* Dkt. 101 (Hyatt House); Dkt. 104 (Liu); Dkt. 103 (joining another MSJ).

To streamline the process and ensure all parties have a full and fair opportunity to raise issues and evidence on summary judgment, it is therefore **ORDERED** that all pending motions for summary judgment (Dkt. 52, 101, 103, 104) are hereby **TERMINATED** in favor of allowing Defendants to file new motions for summary judgment. The new briefing must proceed in accordance with the following procedures and deadlines:

- As stated in the current scheduling order, Dkt. 117, the motions deadline is September 30, 2024.

- All objections to summary-judgment evidence must be (1) raised in a **separate motion to strike** that complies with the Court's requirements; and (2) filed by the deadlines stated below.

- Defendant Noor Hasan, who is represented by separate counsel, may file her own motion for summary judgment ("MSJ"). All other Defendants must file **a single, consolidated MSJ**.

- The deadline for Plaintiff's summary judgment response <u>and</u> any motion to strike a defendant's summary-judgment evidence is <u>20 days</u> after a defendant's MSJ is filed.

- Defendant Hasan and the remaining defendants may file both a reply brief (one for Hasan and another, collectively, for the other defendants) in support of summary judgment and a motion to strike Plaintiff's summary judgment evidence (again, one for Hasan and another for the remaining Defendants) <u>no later than 14 days</u> after Plaintiff's MSJ response is filed.

- No more than <u>14 days</u> after a defendant's MSJ and any motion to strike Plaintiff's evidence is filed, Plaintiff may file: (1) a response to any defendant's motion to strike; and (2) a motion to strike the defendant's summary-judgment evidence. The corresponding defendant(s) may file

a reply in support of its motion to strike Plaintiffs' evidence <u>5 days</u> after Plaintiff's response is filed.

- If Plaintiff files a motion to strike a defendant's evidence, that defendant's response is due <u>14 days</u> later. Plaintiff's reply in support of the motion to strike would be due <u>5 days</u> after the response is filed.

This chart summarizes the foregoing deadlines:

| <u>Filing</u> | <u>Trigger Date</u> | <u>Deadline</u> |
|---|---|---|
| Plaintiff's MSJ response | Defendants' MSJ | +20 days |
| Defendants' reply in support of MSJ | Plaintiff's MSJ response | +14 days |
| Plaintiff's motion to strike Defendants' MSJ evidence | Defendants' MSJ | +20 days |
| Defendants' response to Plaintiff's motion to strike MSJ evidence | Plaintiff's motion to strike | +14 days |
| Plaintiff's reply in support of motion to strike | Defendants' response to Plaintiff's motion to strike | +5 days |
| Defendants' motion to strike Plaintiff's MSJ evidence | Plaintiff's MSJ response | + 14 days |
| Plaintiff's response to Defendants' motion to strike Plaintiff's MSJ evidence | Defendants' motion to strike | +14 days |
| Defendants' reply in support of motion to strike | Plaintiff's response to motion to strike | +5 days |

4

***Video and audio files for summary judgment record.*** The parties must submit a joint appendix of all video files they wish to use in their summary judgment briefing. The joint appendix must include a table of contents that (1) describes each file; and (2) states the total length (in hours/minutes/seconds) for each file. The joint appendix must also include a (re-submitted) copy of the certified transcript of Hasan's recorded phone call, which is currently included at Dkt. 109-2, PX-1D.

Citations to the video files, which are voluminous, must identify—by hour-minute-second—the exact location of the referenced information. Cites to Hasan's recorded phone call must reference the page of the certified transcript, not the audio file. The Court may disregard all citations that lack or provide inaccurate page numbers or timestamps. *See, e.g.*, *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (judges have no obligation to sift through the record in search of summary-judgment evidence; "Judges are not like pigs, hunting for truffles") (internal quotation marks omitted).

***Other instructions for summary judgment briefing.*** A few additional rules merit emphasis. First, the parties cannot submit a filing that exceeds Judge Bennett's page limits without obtaining leave of court. Only reasonable requests for extra pages will be granted. The motion for leave must attach the proposed overlength filing and comply with all other requirements

5

for motions. If the motion for leave is opposed, any response must be filed **within 3 days** of the motion. No reply will be entertained.

Second, the Court **will not permit** a party to submit new evidence for the first time in a reply brief. Nor will the Court allow supplementation of the summary-judgment record with additional evidence once briefing is complete. Allowing such late submissions would undermine the objectives behind the Court's decision to authorize a new round of summary judgment briefing.

## II. Discovery issues

The following memorializes the Court's rulings on Plaintiff's request to compel certain documents.

***Request for Production No. 31.*** The Court **DENIES** Plaintiff's request to compel information responsive to this request for all emails from May 20, 2020 onward that relate to Plaintiff or the underlying incidents and were sent or received by Defendants Wendy Liu or Noor Hasan from their work email accounts. Defendants have stated that they have no such emails. As a result, there is nothing to compel.[1]

***Request for Production No. 44.*** The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's request to compel production of names and

---

[1] The same is true of Plaintiff's request for the hotel's videotape of the incident. That videotape is no longer available, so Defendants cannot produce it. Indeed, Plaintiff has raised spoliation allegations. Those allegations will be resolved at a later juncture.

contact information of other guests who stayed at the subject hotel on the dates of the underlying incidents. Because Defendants claimed that Plaintiff's conduct caused other guests to cancel their reservations, they must produce the requested information about those specific guests. The deadline for this production is **June 24, 2024**. Plaintiff's request for information about all other guests who stayed at the hotel, however, is overbroad and not proportional to the needs of this case.

*Request for Production No. 54.* The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's request to compel production of recorded phone conservations to the corporate member services line that concern discrimination complaints. Defendants must produce such recordings only if (1) they concern discrimination complaints by other customers about the specific hotel where Plaintiff stayed, and the calls were made during the two-year period leading up to and including May 20, 2020; or (2) they concern calls made by Plaintiff regarding the incidents underlying this suit. If Defendants' position is that they have no such recordings, Defendants must identify the repositories that were searched and any custodians whose data was searched. By **June 24, 2024**, Defendants must either produce the recordings or, if they are not available, provide the foregoing information. Plaintiff's request for recordings that discuss all discrimination complaints, regardless of the hotel's

7

location or when the conversations took place, is overbroad and not proportionate to the needs of this case.

***Requests for Production No. 55 and 56***. Plaintiff's request to compel documents reflecting all complaints of racism or discrimination at Defendants' hotels during a five-year period, whether concerning Defendant Wendy Liu or otherwise, is **GRANTED IN PART** and **DENIED IN PART**. Defendants must produce all discrimination complaints, including but not limited to complaints about discrimination by Liu, but only about the hotel location where the underlying incidents occurred, and only for two-year period leading up to and including May 20, 2020. The deadline for this production is **July 1, 2024**. Plaintiff's request for complaints about other locations and for a longer timeframe is overbroad and not proportional to the needs of this case.

***Specific text messages***. Plaintiff also raised the concern that Defendant Liu failed to produce any text messages, even though Defendant Hasan confirmed that she communicated with Liu about the incident via text message. Defendant's counsel is **ORDERED** to obtain and review Liu's device—imaging it, if necessary—to pull and produce all responsive and non-privileged text messages that were sent or received from May 20, 2020 through June 20, 2020. If the text messages are not on Liu's device, counsel must obtain and search the device's cloud backup. Absent a showing of good cause, production of Liu's text messages must be completed by **July 1, 2024**.

8

Similarly, Defendant Hasan has stated that she communicated via text message with a co-worker (Giselle Griffin) about the incident after this suit was filed. Hasan's counsel is **ORDERED** to obtain and review Hasan's device—imaging it, if necessary—and produce the referenced text message(s) by searching between January 13, 2022 and January 31, 2022. If the message is not on Hasan's device, counsel must obtain and search for it on the device's cloud backup. Absent a showing of good cause, production of Hasan's text message must be completed by **July 1, 2024**.

### III. Answers to the Second Amended Complaint

The Court further notes that none of Defendants, except Noor Hasan, has filed an amended answer to the Second Amended Complaint. Although the Court granted them leave to file amended answers, see Dkt. 39, the pleadings themselves have not been docketed. This omission needs to be rectified. By **June 17, 2024**, all Defendants (other than Hasan), must file their amended answers that the Court previously authorized them to file.

Signed on June 11, 2024, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge