United States District Court
Southern District of Texas
**ENTERED**
February 21, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| QUINCY JAMES GORDON, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-00092 |
| § | |
| HYATT HOUSE FRANCHISE, LLC, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court are United States Magistrate Judge Yvonne Y. Ho's Memorandum and Recommendation filed on January 31, 2025 (Doc. #260), Plaintiff Quincy James Gordon's ("Plaintiff") Objections (Doc. #261), and Defendants Hyatt House Franchising, L.L.C. ("Hyatt"), Houston H Galleria Opco, LP ("HH Opco"), SRE 4610 Opco GP Pledgor, LLC ("SRE"), IH WL Acquisition Manager, LLC a/k/a Aimbridge Hospitality, LLC ("Aimbridge")[1], Noor Hasan ("Hasan"), and Wendy Liu's ("Liu") (collectively, "Defendants") Objections (Doc. #262). The Magistrate Judge's findings and conclusions are reviewed de novo. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the parties' arguments and applicable legal authority, the Court adopts the Memorandum and Recommendation in part, as set forth below.

---

[1] The docket reflects that Aimbridge Hospitality, LLC and IH WL Acquisition Manager, LLC are two separate Defendants. However, as noted in the Memorandum and Recommendation, the Court treats Aimbridge Hospitality, LLC and IH WL Acquisition Manager, LLC as one in the same. *See* Doc. #260 at 20 n.2. Thus, both of these Defendants are referred to together as "Aimbridge" in this Order.

This case arises out of events taking place during Plaintiff's stay at a hotel owned by HH Opco and operated by Ambridge. *See* Doc. #260 at 20–21. HH Opco entered a franchising agreement with Hyatt, and its general partner is SRE. *See* Doc. #260 at 20–21. Plaintiff generally alleges that two hotel employees, Hasan and Liu, discriminated against Plaintiff during his stay, caused him to be wrongfully arrested, and converted his property. *Id.* at 11. Defendants moved for summary judgment on all of Plaintiff's claims, and Plaintiff cross-moved for summary judgment on his own conversion claim. *See* Doc. Nos. 166, 167, 172.

The Court first addresses Plaintiff's Objections, which only concern Judge Ho's denial of his cross-Motion for Summary Judgment on his own conversion claim. Doc. #261. Relevant to this claim, Plaintiff alleges that, after he was arrested, Liu and Hasan wrongfully removed and retained property that was in Plaintiff's hotel room. In Texas, the elements of a conversion claim are: (1) the plaintiff "legally possessed the property or was entitled to it; (2) the defendant wrongfully exercised dominion and control over the property, excluding the plaintiff; (3) the plaintiff demanded the property's return; and (4) the defendant refused." *Arthur W. Tifford, PA v. Tandem Energy Corp.*, 562 F.3d 699, 705 (5th Cir. 2009). As Judge Ho correctly determined, there is competing evidence regarding whether Liu and Hasan (1) removed Plaintiff's property from his room at police's direction and (2) wrongfully retained Plaintiff's property by requiring him to pay a cash-only "disturbance fee" in exchange for the return of the items. *See* Doc. #260 at 34–35. As such, Plaintiff has not demonstrated that there is no genuine factual dispute with respect to the third element of his conversion claim.

Next, the Court turns to Defendants' Objections. Doc. #262. First, Defendants argue Judge Ho erroneously determined that fact issues exist as to whether Liu was employed by Hyatt, and thus whether Hyatt can be held liable in this case. *Id.* at 3–5. Judge Ho denied summary judgment

2

with respect to Hyatt's liability because, in its initial interrogatory responses, Hyatt described Liu as a "Hyatt employee" when asked why Liu had an "@hyatt.com" email address. Doc. #260 at 21; Doc. #175, Ex. 21. However, Hyatt later supplemented its interrogatory responses to explain that "Liu was an Aimbridge employee" who only had "a Hyatt email address for brand recognition purposes." Doc. #262, Ex. 1 at 7. This is consistent with other evidence in the record, which shows that Liu was employed by Ambridge and did not have an employment relationship with Hyatt. *See* Doc. #167, Ex. 1 ¶ 7. As such, the Court finds that summary judgment should be granted as to Plaintiff's claims against Hyatt.

Second, Defendants argue Judge Ho erroneously denied summary judgment with respect to Plaintiff's discrimination claims under 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964 ("Title VII"). Doc. #262 at 6–7. The Court finds that Judge Ho correctly determined that Plaintiff met his burden to establish a prima facie case of race discrimination under both Section 1981 and Title VII. Moreover, Defendants failed to articulate a non-discriminatory reason for Liu's discriminatory conduct. And even if Defendants had articulated a race-neutral explanation for Liu's conduct, Plaintiff met his burden to establish pretext. As such, the Court finds that Defendants' second objection to the Memorandum and Recommendation is overruled.

In conclusion, the Court adopts the Memorandum and Recommendation except to the extent that it denied summary judgment with respect to Plaintiff's claims against Hyatt. Therefore, Hasan's Motion for Summary Judgment (Doc. #166) and Liu, Aimbridge, Hyatt, HH Opco, and SRE's Motion for Summary Judgment (Doc. #167) are hereby GRANTED IN PART. Specifically, summary judgment is GRANTED with respect to all of Plaintiff's claims against HH Opco, SRE, and Hyatt. In addition, summary judgment is GRANTED with respect to Plaintiff's claims against all Defendants under 42 U.S.C. § 1983, for negligent infliction of emotional distress,

3

for unjust enrichment, and for intentional infliction of emotional distress. Finally, summary judgment is GRANTED with respect to Plaintiff's claims against Hasan under Section 1981 and Title VII, and for breach of contract. In all other respects, Defendants' respective summary-judgment motions are DENIED. Finally, Plaintiff's Motion for Summary Judgment (Doc. #172) is DENIED.

It is so ORDERED.

FEB 2 0 2025
Date

The Honorable Alfred H. Bennett
United States District Judge